IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE COTTO-REYES,

Petitioner

v.

JUDITH MATÍAS-DE-LEÓN, Warden,

Respondent

CIVIL 08-1413 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. INTRODUCTION

This is a petition for a writ of habeas corpus from a state conviction filed on April 8, 2008. (Docket No. 2.) In a nutshell, a federal court will consider an application for such a writ when a petitioner asserts that his conviction is in violation of the Constitution of the United States. 28 U.S.C. § 2254(a). Petitioner presents this court with the argument that he received an illegal sentence of life imprisonment on October 23, 1995 by Judge Pierre E. Vivoni of the Superior Court, Caguas. (Docket No. 16-2.) He argues further to have been the victim of an illegal search and seizure, a case which was fabricated, and an extreme sentence. His most tangible argument is an attack on the Commonwealth law scheme which has led to his mandatory life imprisonment sentence. While he mentions issues which might trigger some constitutional violation, those issues are largely undeveloped.

CIVIL 08-1413 (JAG)                               2

      Petitioner was sentenced on October 24, 1991 in an unrelated case in Superior Court, Caguas, for narcotics offenses to a period of three years imprisonment. On February 14, 1992, in the same court, in an unrelated case, petitioner was sentenced to a term of seven years, to be served concurrently with another offense, a non-violent crime. On August 18, 1994, he was arrested and charged with narcotics offenses. Upon conviction, petitioner did not appeal his conviction to the Commonwealth Court of Appeals. He filed a pro-se motion as a habeas corpus which was treated as a motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure alleging ineffective assistance of counsel. While in prison, petitioner was apparently charged with another narcotics violation. (Docket No. 22.) The last petition under Rule 192.1 was denied on June 21, 2004.

      In order for a habeas petition to be granted in this court, a petitioner must show that he has exhausted all of his present federal and state claims in state court. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). In the current case, petitioner has complied with the exhaustion requirement and respondent has rendered this a non-issue since it is not addressed in the motion to dismiss. See P.R. Laws Ann. tit. 34, App. II R. 192.1. The exhaustion requirement was designed to reduce friction between the federal and state systems and provide state courts with the

CIVIL 08-1413 (JAG)                              3

opportunity "to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (citing Picard v. Connor, 404 U.S. 270, 275 (1971); Wilwording v. Swenson, 404 U.S. 249, 250 (1971)); see Rose v. Lundy, 455 U.S. 509, 518 (1982) (cited by petitioner).  This exhaustion requirement is not easily satisfied by the petitioner presenting facts underlying his claim before the highest court of the state.  Barresi v. Maloney 296 F.3d 48, 51 (1st Cir. 2002); see Picard v. Connor, 404 U.S. at 277-78.  A petitioner must present his federal claims to the state's highest tribunal, in such a manner that a reasonable trier of fact "would have been alerted to the existence of the federal question." Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000); see Barresi v. Maloney, 296 F.3d at 51.  Furthermore, he must "elucidate the legal foundation of his federal claim." Adelson v. DiPaola, 131 F.3d at 262.

After the exhaustion requirement has been met, a petitioner has the burden of proving the incorrectness of the state court's judgment by providing "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  If he is unable to do so, his claim must thus rely on (1) a new rule of constitutional law that was previously unavailable, or (2) a factual predicate that could not have been previously discovered, but would have resulted in a different outcome in the trial. 28 U.S.C. § 2254(e)(2).

CIVIL 08-1413 (JAG)                          4

Petitioner was sentenced as a habitual recidivist in accordance with Article 62 of the Puerto Rico Penal Code. (He argues that he should have been sentenced as a simple recidivist under the Commonwealth narcotics law.)

Because Cotto-Reyes is not represented by counsel, the court is required to construe his pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, "[t]he policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims). However, pro se status does not insulate a party from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d at 890 (citing Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994)).

On May 15, 2008, respondent filed a motion to dismiss the petition for a writ of habeas corpus, mentioning among other things (in a total of four lines) that the petition is time-barred, and that petitioner would have been found guilty anyway for first degree murder by any reasonable fact finder, when the crimes of which

CIVIL 08-1413 (JAG)                                5

petitioner has been convicted are drug related or otherwise non-violent. (Docket No. 12.)  Petitioner pro se responded in opposition to the motion to dismiss on May 28, 2008 mentioning the same fact.  (Docket No. 16.)

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instituted a time limitation period for the filing of motions to vacate or reduce state sentences.  In its pertinent part, section 2244(d)(1) reads:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

CIVIL 08-1413 (JAG)                           6

      Petitioner did not file a notice of appeal of his last conviction but did seek review at the Commonwealth Supreme Court, which review was denied on January 21, 2000. He filed a petition for a writ of habeas corpus in this court on June 21, 2000, which was dismissed for failure to exhaust remedies. (Civil 00-1776 (HL).) Judgment entered on September 19, 2000. On February 7, 2001, he informed the court that he had exhausted state remedies and the court informed him to file another action. (Id., Docket No. 15, dated February 13, 2001.) Following the instructions of the court, on October 19, 2001, petitioner filed another petition for a writ of habeas corpus in this court. (Civil 01-2408 (JAF).) The Commonwealth Attorney General moved to dismiss that action on October 27, 2003, and the motion having gone unopposed, the court dismissed the petition on December 3, 2003. (Id., Docket No. 10.)

      On June 7, 2004, petitioner filed another Rule 192.1 motion in the trial court. That motion was denied on June 21, 2004. The dismissal was affirmed by the appellate court, the reviewing panel consisting of Judges Rodríguez de Oronoz, Pesante Martínez, and Soler Aquino, on November 17, 2004. In April 2005, the Commonwealth Supreme Court granted certiorari. According to petitioner, sometime in 2007, the Supreme Court denied the petition for a writ of certiorari. Reconsideration was also denied on September 14, 2007. Finally, on October 26, 2007, the second motion for reconsideration was also denied by the

CIVIL 08-1413 (JAG)                            7

Commonwealth Supreme Court.  This case was filed on April 8, 2008.  Thus, petitioner has exhausted his state remedies and the petition is not time-barred, as the responded so briefly alleges.  This conclusion is buttressed by our requirement to treat the pro se pleadings liberally while noting that respondent, in a clear position to bring forth evidence that the petition is time-barred, has failed to do so.

Aside from the generalities which petitioner mentions regarding his being the victim of an illegal arrest and search, of a fabricated case by the police, and of a cruel and unusual sentence by the Commonwealth court, his only developed argument is that he should have been sentenced as a simple recidivist, rather than as a habitual recidivist.  But  this argument, fully addressed by the Commonwealth Appellate Court, does not raise an issue which triggers a right protected by the Constitution of the United States.  His sentence was based upon previous convictions for narcotics law violations and a forged documents conviction.  He was last convicted while he was on parole from the prior conviction. The sentencing court sentenced petitioner under the habitual offender provisions in the general part of the Penal Code.  However the law of controlled substances has a separate sentencing scheme and the facts of this case arguably fall within the framework of both the general penal code and the law of controlled substances.  Petitioner argues he should have been sentenced under the narcotics

CIVIL 08-1413 (JAG)                                    8

law while he was sentenced to life imprisonment under the general penal code. However, petitioner had a conviction for forgery, so that the specialized sentencing scheme contemplated by the narcotics laws was not found applicable by the Caguas Superior Court. The appellate court agreed with the trial court's assessment. This conflict of Commonwealth law does not present an issue which invites consideration with a constitutional focal lens.

## EFFECTIVE ASSISTANCE OF COUNSEL

The United States Supreme Court has set forth a two-prong test to determine whether a defendant has been denied his Sixth Amendment right to counsel. A petitioner bears a "heavy burden" in an ineffective assistance claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). He must first establish that counsel was deficient by showing that the representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687 (1984). Secondly, petitioner must show that counsel's representation was prejudicial in that but for counsel's unprofessional conduct, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694; United States v. Mena-Robles, 4 F.3d 1026, 1034 (1st Cir. 1993). There is no doubt that Strickland applies to representation outside of the trial setting, which would include plea, sentence and appeal. See Hill v. Lockhart, 474 U.S. 52, 57 (1985);

CIVIL 08-1413 (JAG)                         9

Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d 458, 468-69 (1st Cir. 1991); cf. Panzardi-Alvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989).

Plaintiff alleges that his attorney failed to file a notice of appeal when he was clearly instructed to do so. If this is correct, the conduct definitely falls below the objective standard of reasonableness. This requires that the court visit the second prong of the test to determine if petitioner was prejudiced by conduct falling below the standard. Petitioner relates the facts of his arrest in his petition. On the date of the facts leading to his last conviction, he was in front of a place in Caguas, the first level of which is a grocery store and the second level is an apartment. He was waiting for a friend along with two other people next to him also friends of his. They were intercepted by police and searched, and nothing unlawful was found. Petitioner then possessed $127 from his paycheck. The place of the property is private and did not belong to him. The second level apartment had a lot of fighting cocks. (Civil 08-1413 (JAG), Docket No. 15.) The police proceeded to the second level, forced their way in, opened the door, searched the apartment and found packs of crack cocaine. Since he had $127, they said the drugs were his and arrested him.

CIVIL 08-1413 (JAG)                            10

The Fourth Amendment is the paladin for the rights of individuals, not of places.  See Minnesota v. Carter, 525 U.S. 83, 88 (1998) (quoting Katz v. United States, 389 U.S. 347, 351 (1967)).  Petitioner would have had the burden of establishing that his Fourth Amendment rights were violated by the challenged search or seizure.  Rakas v. Illinois, 439 U.S. 128, 130 n.1 (1978).  Absent a showing of an expectation of privacy by showing that the property was his own dwelling, the plaintiff may assert that he had some other privacy interest in the searched location.  The basic test is that "an 'actual (subjective) expectation of privacy'" exist and that such expectation be "objectively 'reasonable.'"  Bond v. United States, 529 U.S. 334, 340-41 (2000) (quoting Smith v. Maryland, 442 U.S. 735, 740 (1979) (quoting Katz v. United States, 389 U.S. at 361) (Harlan, J., concurring))).  "The ultimate question [determining the reasonableness of an expectation of privacy] is 'whether, if the particular form of [conduct] practiced by the police is permitted to go unregulated by constitutional restraints, the amount of privacy and freedom remaining to citizens would be diminished to a compass inconsistent with the aims of a free and open society.'"  United States v. Scott, 975 F.2d 927, 930-31 (1st Cir. 1992) (quoting United States v. Hendrickson, 940 F.2d 320, 322  (8th Cir. 1991)).  Petitioner clearly had no reasonable expectation of privacy in the cock-infested second floor of the two-story building.  Therefore, to afford him a hearing on the Fourth Amendment issue

CIVIL 08-1413 (JAG)                           11

based upon his very specific proffer is not warranted.  The conviction was clearly the result of the trial court's making credibility determinations upon weighing the evidence and the purpose of the present petition cannot be to retry the case. Clearly petitioner's thrust is the matter of recidivism and treatment under Commonwealth law.   That  has  already  been  discussed  above and was comprehensively  discussed by the appellate court in its decision of November 17, 2004.  Therefore, petitioner does not satisfy the second prong of the Strickland test.

## IV.  CONCLUSION

The remedy sought in a request for  habeas corpus relief is extraordinary. While petitioner's motion is not timed-barred,  he has the burden of proving the incorrectness of the state court's judgment by providing "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).   If he cannot somehow make such a showing, then his claim must thus rely on either a new rule of constitutional law that was previously unavailable, or a factual predicate that could not have been previously discovered, but would have resulted in a different outcome in the trial. 28 U.S.C. § 2254(e)(2).  Petitioner has shown neither of these triggering predicates.  I therefore recommend that petitioner's motion for a writ of habeas corpus be DENIED in its entirety, without an evidentiary hearing.

CIVIL 08-1413 (JAG)                    12

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 27th day of February, 2009.

S/ JUSTO ARENAS
Chief United States Magistrate Judge