IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE COTTO-REYES,

**Petitioner**

v.

JUDITH MATIAS-DE-LEON, *et al*,

**Respondents.**

**CIVIL NO.** 08-1413 (JAG)

**OPINION AND ORDER**

On December 13, 2010, the First Circuit Court of Appeals entered a judgment vacating this Court's denial of petitioner Jorge Cotto-Reyes's ("Cotto") writ of *habeas corpus* under 28 U.S.C. § 2254. (Docket No. 61). Pursuant to that judgment, this case was remanded back to this Court for further proceedings. Consonant with the First Circuit's mandate, this Court referred the case to Magistrate Judge McGiverin for further development of the record and, if necessary, an evidentiary hearing. (Docket No. 64).

The Magistrate Judge subsequently ordered the defendants, Warden Judith Matías-De-Leon and Attorney General Roberto Sanchez-Ramos (collectively the "Commonwealth"), to file a memorandum of law addressing: 1) whether petitioner exhausted his claim before the Puerto Rico courts; (2) whether an evidentiary hearing is needed to address petitioner's claim that he

instructed his attorney to file a direct criminal appeal; and (3) any other matter defendants deem pertinent. (Docket No. 68). Further, the Magistrate Judge ordered the Commonwealth to file certified translations of the relevant documents from the state court proceedings. (Id.). After considering the Commonwealth's supplemental briefing, the Magistrate Judge determined that no evidentiary hearing was required, and recommended that the Court deny petitioner's writ of *habeas corpus*. (See Docket No. 80).

On May 23, 2012, petitioner filed a motion titled "Reconsideration for Motion." (Docket No. 83). However, the Court cannot reconsider a ruling that has yet to be issued. Petitioner's motion also makes no overt reference to the Magistrate Judge's Report. However, considering petitioner's *pro se* status, the Court will construe his motion with more flexibility and deem it as a timely-filed objection to the Magistrate Judge's Report.

In so doing, we find two possible objections. The first is petitioner's reiteration that the evidence clearly shows ineffective assistance of counsel because his attorney never submitted a notice of appeal after sentencing. Petitioner contends that the First Circuit "investigate[d] and found violations of federal constitutional rights." (Docket No. 83). However, the Court of Appeals made no such finding. Instead, the First Circuit stated that it could not evaluate "the basis for

the magistrate judge's sua sponte determination that the petitioner had exhausted his claim before the state courts" because the relevant state-court documents had not been translated. (Docket No. 61, p. 1). This case was remanded because the defendants conceded that the record was insufficiently developed to permit this Court to rule on petitioner's motion. Plaintiffs' first objection, if it can be construed as such, is not meritorious.

Secondly, petitioner contends that the First Circuit determined that he is entitled to an evidentiary hearing. (Docket No.  This is incorrect. The First Circuit expressed "no view on whether an evidentiary hearing is required." (Docket No. 61, p. 2). That decision was "left to the district court in the first instance after further development of the record." (Docket No. 61, p. 1). On this point, the Magistrate Judge determined that such a hearing was unnecessary because it could not alter the statute of limitations analysis that disposes of the present case. Furthermore, the Magistrate Judge noted that the Commonwealth's submission of translated state-court documents satisfied the Court of Appeal's mandate to develop the record. Thus, petitioner's arguments are all unavailing.

This brings us to the dispositive issue in this case. As noted above, the Magistrate Judge found that Cotto's petition for *habeas* relief was time-barred. Cotto does not object to this

determination. And, upon *de novo* review, the Court finds that the Magistrate Judge's discussion on the Commonwealth's statute of limitations defense is well-grounded in both fact and law.[1] Accordingly, the Court ADOPTS in its entirety the Magistrate Judge's Report and Recommendation, and GRANTS defendants' motion to dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of May, 2012.

                                        S/ Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge

---

[1] And the record is now complete, given the Commonwealth's filing of the translated state-court documents. (See Docket No. 77).